**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Betty Kay ESTEP, Defendant— Appellant.**

No. 01–15760.

D.C. No. CV–00–02419–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 2001 *.

Decided March 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2). Accordingly, we deny Estep's motion for oral argument.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

### MEMORANDUM **

Defendant-appellant Betty Kay Estep appeals pro se the magistrate judge's grant of summary judgment in favor of the plaintiff-appellee United States in a debt collection action stemming from two student loans. On appeal, Estep apparently argues that the magistrate judge erred in granting the motion for summary judgment because the United States improperly inflated its damages by waiting fourteen years to collect the debt, and that she should not be held responsible for the debt. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ We review the grant of summary judgment de novo under the same standard applied in the lower court. *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001) (citations omitted), *cert. denied, Kim v. United States*,

—— U.S. ——, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002). Estep's arguments that the United States improperly inflated its damages, that the United States has an unfair advantage in debt collection, and that her debt should be reduced because women earn lower wages than men do, were not raised below and, therefore, will not be considered on appeal. *See Slaven v. Am. Trading Transp. Co., Inc.*, 146 F.3d 1066, 1069 (9th Cir.1998) ("It is well-established that an appellate court will not consider issues that were not properly raised before the district court.") (citations omitted).

■ Estep's arguments that she is not responsible for the loan because she entered into under "duress" and because she did not complete her bachelor's degree were raised below and are properly before this court. However, Estep's claim that she was not fully informed of the costs and requirements of the educational program she entered does not constitute duress and is not a defense to the formation of the loan contract. *See* Cal. Civ.Code §§ 1689(b)(2) (West 1985), 1569 (West 1982). Further, nothing in the student loan contracts conditioned her obligation to repay the loans upon the completion of her degree. The magistrate judge properly found that the United States was entitled to summary judgment.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.